No. 869

No. 19154—The State, ex rel. James Clarke, v. Alfred F. Deckebach, Auditor of the City of Cincinnati. In Mandamus.

874. ORDINANCE—Purporting to regulate andlicense pool rooms, which provides that applicant therefor must be a citizen as a condition of his receiving such license, is not in conflict with the federal constitution.

An ordinance of the city of Cincinnati provides that no billiard, pool tables can be operated in the city without a license, and provides that no license shall be granted to conduct such business to any person not a citizen of the United States.

Clark is a subject of Great Britain and has resided in Cincinnati for several years. He made application in due form for a license to operate a billiard room. The license was refused on the ground that Clark is not a citizen of the United States.

Clark brought suit in mandamus, to compel the issue of such license, alleging that the ordinance is in violation of commercial treaties between the United States and Great Britain. The petition also alleges that the ordinance is a denial of equal protection of the laws guaranteed by the 14th amendment to the Federal Constitution.

MARSHALL, J.

1. A municipal ordinance purporting to regulate and license pool and2 billiard rooms, which contains a provision that "no license shall be granted to a person who is not, by reason of such provision, a citizen of the United States," is not in conflict with any provision of the state or federal constitution. (State, ex rel. Balli, v. Carrel, Aud., 99 Ohio St., 285 approved and followed.)

2. The operation of a pool and billiard room is not carrying on a trade within the meaning of the commercial treaty between the United States and Great Britain and such ordinance does not therefore violate any of the provisions of that treaty.

Judgment for respondent.

Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.